IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Kevin Andreal Light, | ) | Civil Action No.: 8:11-cv-01578-TLW-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Captain Sharon Middleton, Lt. Luke | ) | |
| Lark, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff is proceeding in this action pro se.  On October 31, 2011, Defendants Luke Lark and Sharon Middleton filed a motion to dismiss for lack of prosecution based on Plaintiff's alleged failure to file a notice of change of address with the Clerk of Court.  [Doc. 26].  On October 31, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to adequately respond.  [Doc. 27.]  On November 7, 2011, the *Roseboro* Order was returned to the Court as undeliverable.  [Doc. 29.]

Because Plaintiff is proceeding pro se, on February 27, 2012, the Court entered an Order giving Plaintiff twenty days to file a response to Defendants' motion to dismiss.  [Doc. 32.]  Plaintiff was advised that if he failed to respond, this action was subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  [*Id.*]  On March 6, 2012, Plaintiff filed a response, indicating his desire to continue the case.  [Doc. 35.]

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders."  *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)).  "Federal courts possess an inherent authority to

dismiss cases with prejudice *sua sponte*." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).  Recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, in *Davis v. Williams*, the Fourth Circuit set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and
>
> (4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)).  Subsequently, however, the Fourth Circuit noted "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case.  *Ballard*, 882 F.2d at 95.

In this case, Plaintiff has responded and indicated his desire to continue this litigation.  Consequently, upon consideration of the *Davis* factors, the Court finds dismissal would be a harsh sanction in this instance.  Plaintiff, however, is reminded of his responsibility to always keep the Clerk of Court advised in writing if his address changes for any reason, so as to assure that orders or other matters that specify deadlines will be received.  Failure to do so may result in the dismissal of this action.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends Defendants' motion to dismiss for failure to prosecute be DENIED. Defendants are directed to re-serve their Answer on Plaintiff at the address Plaintiff provided and to file dispositive motions within forty-five (45) days of this Order.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

March 12, 2012
Greenville, South Carolina